UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RHONDA SMITH,

    Plaintiff,

    v.          Civil Action No. 10-1302 (BAH)

ERIC HOLDER,

    Defendant.

## MEMORANDUM OPINION

Presently before the Court is plaintiff's motion to accept her Complaint as timely filed on July 30, 2010 and defendant's motion to dismiss the plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to file in a timely manner. For the reasons explained below, the defendant's motion to dismiss has been converted to a motion for summary judgment under Federal Rule of Civil Procedure 56 and is denied. The Court equitably tolls the statute of limitations period and accepts the Complaint as timely filed on August 2, 2010.

### I. BACKGROUND

Plaintiff Rhonda Smith, an African American female, is currently an employee at the Department of Justice. Compl. ¶¶ 3, 6. Ms. Smith alleges that the Department of Justice "continuously subjected [her] to a discriminatory hostile work environment based on her race." *Id.* ¶ 242.

On May 1, 2010, Ms. Smith received a final agency decision notifying her that she had ninety days to bring suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 16(c) and the Rehabilitation Act, 29 U.S.C. § 791.

1

Pl.'s Mot. to Accept the Compl. ("Pl.'s Mem.") at 1.  Plaintiff's counsel tried to file the Complaint through a hired messenger service, on Friday, July 30, 2010, the last day of the ninety-day filing period.  *Id.* at 1-2.  The messenger arrived at the Court with the Complaint at about 4:45 PM on July 30, but the Clerk's office was closed.  *Id.* at 3.  Shortly thereafter, the messenger informed plaintiff's counsel that the Complaint could not be left in the Court's after-hours drop box because there was a sign that indicated the Court would not accept new filings left in the box.  *Id.*  In a sworn statement, the messenger affirmed: "I tried to file the Complaint, but I saw a posted policy from the Clerk's Office to the effect that I could not file a new case or anything with a payment in the night drop box."  Affidavit of Collin Barth, sworn to August 2, 2010 ("Barth Aff.") ¶ 5.  Based on the messenger's understanding of this sign, plaintiff's counsel told the messenger to have the Complaint stamped "received," but not to leave it in the drop box.  Pl.'s Mem. at 3.  The "received" stamp on the Complaint indicates receipt by the Clerk's office at 5:11 PM on July 30, 2010.  *Id.* at 6 (Copy of Stamped Complaint).   When the Court reopened on the following business day, Monday, August 2, 2010, the plaintiff filed the Complaint.  Compl., ECF No. 1.

On August 2, 2010, the plaintiff also filed a motion to accept her Complaint as timely filed as of July 30, 2010.  ECF No. 2.  On September 30, 2010, the defendant moved to dismiss the case pursuant to 12(b)(6) due to the plaintiff's delay in filing the Complaint.  ECF No. 6.

On August 9, 2011, the Court notified the parties that it intended to treat the defendant's motion to dismiss as a motion for summary judgment pursuant to Rule

12(d).[1] *See* Fed R. Civ. P. 12(d); *see also Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011); *Wiley v. Glassman*, 511 F.3d 151, 160 (D.C. Cir. 2007). The Court provided the parties with a reasonable opportunity to present any additional material pertinent to that motion by August 19, 2011.

On August 19, 2011, the plaintiff filed an additional affidavit and memorandum in opposition to the motion for summary judgment. The defendant did not file any additional materials.

The parties' motions are now before the Court.

## II. DISCUSSION

### A. Standard of Review

The defendant has filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) on the grounds that the plaintiff's claim is time-barred. "A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint." *Strong-Fischer v. Peters*, 554 F. Supp. 2d 19, 21-22 (D.D.C. 2008) (quoting *DePippo v. Chertoff*, 453 F. Supp. 2d 30, 33 (D.D.C. 2006)). If, on a motion under Rule 12(b)(6), however, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ.P. 12(d); *see also Strong-Fischer*, 554 F. Supp. 2d at 22; *Morris v. Lowe's Home Centers, Inc.*, No. 10-cv-388, 2011 WL 2417046, at *2-3 (M.D.N.C. June 13, 2011). Since matters beyond the pleadings will be considered here, the defendant's motion will be treated as one for summary judgment.

---

[1] This case was re-assigned to the current presiding judge on January 21, 2011.

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" based upon the pleadings, depositions, and affidavits and other factual materials in the record. Fed. R. Civ. P. 56(a), (c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court must view all inferences in a light most favorable to the non-moving party. *Tao*, 27 F.3d at 638 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250, 255 (1986)). The burden is on the moving party to demonstrate that there is an "absence of a genuine issue of material fact" in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Analysis

To bring a civil action under Title VII, the plaintiff must file the complaint "within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed." 29 C.F.R. § 1614.407(a); *see McAlister v. Potter,* 733 F. Supp. 2d 134, 143 (D.D.C. 2010) ("'[W]ithin 90 days of receipt of notice of final action taken by a department, agency. . .an employee or applicant for employment, if aggrieved by the final disposition of his complaint. . .may file a civil action.'") (quoting 42 U.S.C. § 2000e–16(c)). The ninety-day period begins when the plaintiff's counsel receives notice of the agency's decision. *Harris v. Bodman*, 538 F. Supp. 2d 78, 80 (D.D.C. 2008) *aff'd*, No-08-5091, 2008 WL 5532102 (D.C. Cir. Aug. 27, 2008). A court may dismiss a suit for missing the deadline by one day. *See Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007); *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006).

It is well-settled that the statutory time limit for filing a lawsuit under Title VII is is subject to waiver, estoppel, and equitable tolling. *See Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) ("[T]he ninety-day time period is nonjurisdictional-it functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling.") (citing *Mondy v. Sec. of the Army,* 845 F.2d 1051, 1057 (D.C. Cir. 1988)); *Bowden v. United States,* 106 F.3d 433, 437 (D.C. Cir. 1997) ("[F]unctioning like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver."). "No matter how slight the tardiness, a court is not at liberty to disregard the 90-day deadline out of a vague sympathy for any particular plaintiff," however. *Turner v. Afro-American Newspaper Co.*, 572 F. Supp. 2d 71, 73 (D.D.C. 2008) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). "[T]o apply equitable tolling, the plaintiff must have exercised due diligence and his excuse for the delayed filing must be 'more than a garden variety claim of excusable neglect.'" *Wiley*, 436 F. Supp. 2d at 96 (quoting *Battle v. Rubin,* 121 F. Supp. 2d 4, 8 (D.D.C. 2000)). "The burden of pleading and proving any equitable excuse for failure to meet the ninety-day filing limit falls wholly upon the plaintiff." *Id.* (citing *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982)).

Application of equitable tolling is solely within the Court's discretion. *Fortune v. Holder,* 767 F. Supp. 2d 116, 119-21 (citing *Smith-Haynie v. District of Columbia,* 155 F.3d 575, 579 (D.C. Cir. 1998)). The Court will only exercise its equitable tolling power in a limited number of "extraordinary and carefully circumscribed instances." *Mondy,* 845 F.2d at 1057 (D.C. Cir. 1988); *see also Smith v. Dalton*, 971 F. Supp. 1, 3 (D.D.C. 1997) ("The tolling power is to be exercised only in extraordinary circumstances. . . ."); *Strong-Fischer*, 554 F. Supp. 2d at 24-25. "Such instances include where (1) 'a claimant

has received inadequate notice,' (2) 'where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction,' (3) 'where the court has led the plaintiff to believe that she had done everything required of her,' or (4) 'where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon.'" *Bass v. Bair*, 514 F. Supp. 2d 96, 99 (D.D.C. 2007) (quoting *Mondy,* 845 F.2d at 1057).

Here, the messenger for plaintiff's counsel arrived at the courthouse before 5:00 PM, shortly after the Clerk's Office had closed on July 30, 2010, the last day upon which the Complaint could be timely filed.[2] Local Civil Rule 77.1 for the United States District Court for the District of Columbia provides:

> The Clerk's Office shall remain open for the transaction of business from 9:00 A.M. until 4:30 P.M. daily except Saturdays, Sundays and legal holidays. Papers, except for sealed material, that must be filed on a given date may be delivered after 4:30 P.M. to the security desk at the Third Street entrance to the courthouse. Papers found to be in compliance with these Rules will be filed as of the date they were delivered to the security desk….

Accordingly, materials may be properly filed with the Clerk's Office after business hours. The plaintiff's messenger stated that "[he] tried to file the complaint, but [he] saw a posted policy from the Clerk's Office to the effect that [he] could not filed a new case or anything with a payment in the night drop box."[3] Barth Aff. ¶ 5. As directed by

---

[2] Plaintiff's counsel affirmed that he dispatched the Complaint to the messenger service as a "rush" order, but that this urgent priority was not communicated to the messenger who ultimately attempted to file the Complaint at the courthouse. *See* Barth Aff. ¶ 3; Affidavit of Alan Banov, sworn to August 2, 2010 ¶¶ 3, 13.

[3] The Court notes that the defendant contends that "no such sign[] exists or ever existed." *See* Def.'s Reply to the Mot. to Dismiss at 5 n.1. The defendant asserts that a sign that states "Documents may <u>NOT</u> be served on the Clerk's office by placing them in this box" exists for the U.S. Bankruptcy Court's after-hours filing box, not for the U.S. District Court. *Id.* The plaintiff concedes that the sign in question applies only to the U.S. Bankruptcy Court, but states that the messenger did not understand as much when he attempted to deliver the Complaint, and notes that the sign, although posted by the Bankruptcy Court, is near the after-hours filing box for the District Court. *See* Supplemental Affidavit of Collin Barth, sworn to August 17, 2011; Pl.'s Response to Court Order at 2. The Court takes judicial notice that the after-hours filing

plaintiff's counsel, the messenger had the Complaint stamped "received" on July 30, 2010. Pursuant to Local Civil Rule 77.1, the plaintiff could have timely filed the Complaint after it was stamped "received" by leaving it in the appropriate box designated for after-hours filing. *See* Pl.'s Mem. at 3.

The plaintiff's submissions demonstrate that she exercised good faith and due diligence in attempting to file the Complaint on time, and would have timely filed it, but for the misunderstanding of a sign that caused the plaintiff to believe that she could not file in accordance with Local Civil Rule 77.1. Rather than placing the timely stamped Complaint in the after-hours drop box, the plaintiff's counsel directed the messenger to take the Complaint with him, believing that the Court required him to do so. The plaintiff then attempted to file the Complaint again on the next business day. While the Court reaffirms that equitable tolling is only available in extraordinary and carefully circumscribed instances, under these unusual circumstances, where the plaintiff's agent was present at the courthouse within the statutory period with the completed Complaint in hand, but nonetheless failed to file it properly because of a misunderstanding of the Clerk's Office's instructions, the Court finds the present case "justifies application of equity without in any way bending those principles" that ordinarily govern the availability of equitable tolling. *Mondy*, 845 F.2d at 1057. The Court's decision to toll the filing period also relies on the fact that the Court need only toll the plaintiff's deadline until the next business day and on the fact that the defendant will not be prejudiced.

---

boxes for the U.S. Bankruptcy Court, the U.S. District Court, and the U.S. Court of Appeals are all located in very close proximity to each other in the courthouse.

Accordingly, for the foregoing reasons, the Court will accept the Complaint as timely filed on August 2, 2010.

## III. CONCLUSION

For the reasons explained above, the defendant's motion for summary judgment is denied and the plaintiff's motion to accept the complaint as timely filed is granted in part and denied in part.[4]  Within twenty (20) days of this Memorandum Opinion and the accompanying Order, the parties are directed to meet and confer and to file a joint report with the Court that complies with Local Civil Rule 16.3 and Paragraph 5 of the Court's Standing Order.  The Court will then schedule a status conference if necessary.

DATED: August 22, 2011 /s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[4] To the extent that the plaintiff's motion requests that the Court accept the Complaint as timely filed on July 30, 2010, it is denied.  As discussed above, the Complaint was not filed on that date.